# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Jorge Julian Martinez,<br>Wayne Duke,<br>Nedry McLean, and<br>Antonio Lemus<br>*Defendant(s)* | Case No.   8:22-mj-1044-SPF |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  December 30, 2021  in the county of  Hillsborough  in the  Middle  District of  Florida  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506 (a) and (b) | Conspiracy to distribute and possession with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. |

This criminal complaint is based on these facts:

See affidavit attached.

☑ Continued on the attached sheet.

_EMIR N ABREU II_ (Digitally signed by EMIR N ABREU II, Date: 2022.01.16 14:28:21 -05'00')
*Complainant's signature*

SA Emir N. Abreu, HSI
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim. P. 4.1 and 4(d)

Date: 01/16/2022

*Judge's signature*

City and state:  Tampa, FL           SEAN P. FLYNN, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Emir N. Abreu, being duly sworn, depose and state:

## Introduction and Agent Background

1. I am a Special Agent with the Homeland Security Investigations ("HSI") and have been employed by HSI since 1998. Since September 2017, I have been assigned as a Special Agent to the Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") investigation being conducted by the Federal Bureau of Investigation ("FBI"), Drug Enforcement Administration ("DEA"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), the Coast Guard Investigative Service ("CGIS"), the United States Coast Guard ("USCG"), and state and local law enforcement agencies. Investigations initiated by Operation Panama Express are prosecuted in the Middle District of Florida (Tampa Division). Special Agents assigned to Operation Panama Express currently investigate illegal drugs smuggling organizations that are responsible for the transportation of cocaine through international waters of the Caribbean Sea and Eastern Pacific Ocean via maritime vessels to transshipment locations for later introduction and distribution into the United States.

## Statutory Authority

2. I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about December 30, 2021, while on board a vessel subject to the jurisdiction of the United States, the defendants, JORGE JULIAN MARTINEZ, WAYNE DUKE, NEDRY MCLEAN, and ANTONIO LEMUS, each of whom will be brought into the United States at a point in the Middle District of Florida, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

3. The averments contained in this Affidavit are based on my personal knowledge and/or reliable information related to me by other law enforcement officers with whom I have worked on this investigation. Because of the limited purpose of this Affidavit, however, I have not included each and every fact known to me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

**Probable Cause**

4. The United States Coast Guard ("USCG") has authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

5. On December 30, 2021, U.S. Customs and Border Protection (CBP) Maritime Patrol Aircraft (MPA), U.S. Coast Guard Cutter DILIGENCE ("DILIGENCE") and U.S. Coast Guard Cutter FORWARD ("FORWARD") detected a go-fast vessel ("GFV") visually and by radar in international waters in the Caribbean Sea, approximately 30 nautical miles north of Colon, Republic of Panama. The GFV was reported to have 4 passengers on board, 3 outboard engines, and a tarp covering the deck. The DILIGENCE and FORWARD diverted to intercept the GFV.

6. The DILIGENCE launched an over-the-horizon (OTH) small boat. The FORWARD launched a helicopter and OTH small boat. The helicopter observed packages of suspected contraband being jettisoned from the GFV. The GFV refused to comply with orders to stop. The helicopter deployed 15 warning shots to get the GFV to stop dead in the water and comply.

7. The DILIGENCE's boarding team of the small boat conducted a right of approach. The GFV crew claimed Colombian nationality for themselves but did not claim any nationality for the GFV. Pursuant to the United States

Colombian Bilateral Agreement, the U.S. Coast Guard approached the Government of Colombia and requested confirmation of the registry and nationality of the GFV. The Colombian government responded it could neither confirm nor deny the nationality of the GFV. The USCG District 11 instructed the USCG boarding team to treat the GFV without nationality and subject to the laws of the United States. The USCG boarding team conducted a full law enforcement boarding.

8. On board the GFV, the USCG boarding team found the four defendants: JORGE JULIAN MARTINEZ, WAYNE DUKE, NEDRY MCLEAN, and ANTONIO LEMUS. The DILIGENCE and FORWARD small boats recovered a total of forty (40) kilogram-sized packages, suspected of being contraband, from the jettison field left by GFV. The USCG boarding team conducted two Narcotics Identification Kit Tests on two of the kilograms. The results of the tests were positive for cocaine. The USCG boarding team took IONSCAN swipes of the detainees hands which yielded positive results for trace amounts of cocaine.

9. Based in my training and experience, as well as the experience of other law enforcement officers assigned to Operation Panama Express, the GFV is consistent in style, size, and propulsion to other such vessels frequently used to transport cocaine across international waters in the Caribbean Sea and Eastern Pacific Ocean.

## CONCLUSION

10. Based upon the foregoing information, I respectfully submit that probable cause exists to believe that the following four defendants named herein, , JORGE JULIAN MARTINEZ, WAYNE DUKE, NEDRY MCLEAN, and ANTONIO LEMUS, while on board a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

EMIR N ABREU II
Digitally signed by EMIR N ABREU II
Date: 2022.01.16 14:00:34 -05'00'

_____
Emir N. Abreu
Special Agent, HSI

Sworn to before me by telephone in Tampa, Florida
this ___16th___ day of January 2022.

_____
THE HONORABLE SEAN P. FLYNN
United States Magistrate Judge